By the Court.—Sedgwick, Ch. J.
There can be no doubt, that the treaty intended that the sale, permitted by its terms, should.be such a sale as was sufficient *229 to transfer an interest in real estate, according to the law of the place where the real estate was situated.
By the law of this State, it is necessary that an instrument should be sealed, in order to permit title to real estate to pass by its execution and delivery. It was therefore necessary for the defendant to show that the paper under which he claimed, had been executed by the parties signing it and attaching their seals to their signatures.
The only witness on the point said, in effect, that he didn’t understand what a seal was, and added, there was a wafer. There was not the slightest evidence as to the relative situation of the wafer and signatures. In effect, the signature and seal are, in law, one thing. On the evidence the jury would not have been justified in finding that the evidence showed that the wafer had been placed upon the paper by the signers or by their consent, as evidence that they had executed the instrument. I, therefore, am of opinion, that the instrument did not appear to be sufficient to pass real estate, under the. treaty.
The exceptions are overruled, and judgment on verdict directed to be entered, with costs.
Freedman and Truax, JJ., concurred.